UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD MICHAEL RAMIREZ,<br><br>           Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>           Defendant. | Case No. CV 13-4396-DFM<br><br>Memorandum Opinion and Order |

    Plaintiff Richard Michael Ramirez appeals from the denial of his application for Social Security benefits. The Court concludes that the Administrative Law Judge ("ALJ") correctly determined that Plaintiff's prior employment as a parking enforcer constituted "past relevant work." Therefore, the ALJ's decision is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff filed an application for Social Security benefits, alleging disability starting on May 26, 2008. See Administrative Record ("AR") 20. On May 14, 2012, a hearing on Plaintiff's claim was held before an Administrative

Law Judge ("ALJ"). See id.

On June 29, 2012, the ALJ issued a decision denying Plaintiff Social Security benefits. AR 20-30. The ALJ followed the required five-step decision-making process mandated by 20 C.F.R. § 404.1520. In the first step, the ALJ determined that Plaintiff did not engage in substantial gainful activity through his date last insured. AR 22. In step two, the ALJ determined that Plaintiff's sole severe impairment was degenerative disk disease. AR 22-24. In step three, the ALJ determined that Plaintiff's impairments did not meet a listing. AR 24. Before proceeding to step four, the ALJ made a determination of Plaintiff's residual functional capacity ("RFC"). AR 24-29. At step four, the ALJ determined that Plaintiff's prior employment as a parking enforcer qualified as past relevant work, and that Plaintiff was capable of performing that work within the limits of his assessed RFC. AR 29.[1] As a result, the ALJ determined that Plaintiff was not disabled, and the analysis stopped at step four. AR 29.

## II.

## ISSUE PRESENTED

The parties dispute whether the ALJ erred in calculating Plaintiff's average monthly income during his work as a parking enforcer, pursuant to 20 C.F.R. § 404.1574, for the purpose of determining whether that employment constituted past relevant work under 20 C.F.R. § 404.1560.[2] See Plaintiff's Brief at 5-6; Defendant's Brief at 1-2.

---

[1] In determining that Plaintiff's work as a parking enforcer qualified as "past relevant work" under the regulations, the ALJ noted that it was "performed by the claimant within the preceding 15 years of the date of adjudication, lasted long enough to learn it, and was done at substantial gainful activity levels." AR 29.

[2] In the interest of brevity, identical sections in the regulations (such as 20 C.F.R. §§ 404.1574 and 416.974) are referenced by a single citation.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. Id.; Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). If the evidence can reasonably support either affirming or reversing, the Court may not substitute its judgment for that of the ALJ. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## IV.
## DISCUSSION

### The ALJ Properly Determined That Plaintiff's Prior Employment as a Parking Enforcer Was Past Relevant Work

In determining that Plaintiff's prior employment as a parking enforcer constituted past relevant work, the ALJ determined that the Plaintiff performed that work at "substantial gainful activity levels." AR 29. Plaintiff contends that the work was not performed at "substantial gainful activity levels" because, under the calculation method advanced by Plaintiff, his

3

average monthly income fell below the levels specified in 20 C.F.R. § 404.1574(b). Plaintiff's Brief at 5.

### 1. Applicable Law

At step four of the disability analysis mandated by 20 C.F.R. § 404.1520, the ALJ must determine whether a claimant can, within the restrictions imposed under the RFC assessment, perform any of his "past relevant work." § 404.1520(a)(4)(iv). Employment is considered to be past relevant work if it is "work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimaint] to learn to do it." 20 C.F.R. § 404.1560. In turn, substantial gainful activity is defined as "work activity that involves doing significant physical or mental activities," and which "is the kind of work usually done for pay or profit." 20 C.F.R. § 404.1572. The regulations contain monthly income levels that presumptively qualify or disqualify employment as substantial gainful activity. See 20 C.F.R. § 404.1574(b).

### 2. Analysis

Plaintiff's contention regarding the correct method for calculating his monthly income while employed as a parking enforcer derives from the following language in 20 C.F.R. §§ 404.1574 and 416.974:

> If your average monthly earnings are equal to or less than the amount(s) determined under paragraph (b)(2) of this section for the year(s) in which you work, we will generally consider that the earnings from your work as an employee (including earnings from work in a sheltered workshop or comparable facility) will show that you have not engaged in substantial gainful activity.

20 C.F.R. § 404.1574(b)(3)(i); see Plaintiff's Reply at 3. Because the regulation refers to "monthly earnings . . . for the year(s) in which [a claimant] work[ed]," Plaintiff maintains that the "plain meaning" of the regulation requires that any

earnings be grouped within a calendar year and divided over the full twelve months of that calendar year, without regard for a claimant's employment status during the remainder of the calendar year. Id. Applying this interpretation, Plaintiff asserts that his monthly income as a parking enforcement officer was $649.23 in 2003 and $207.98 in 2004. Plaintiff's Brief at 5.

The Court does not agree with Plaintiff's strained reading of 20 C.F.R. § 404.1574. The language identified by Plaintiff does not require the ALJ to use the calendar year as the basis for determining a claimant's monthly income. Moreover, Plaintiff has ignored other, critical language in the regulations:

> If your work . . . was continuous without significant change in work patterns or earnings, and there has been no change in the substantial gainful activity earnings levels, we will average your earnings over the entire period of work requiring evaluation to determine if you have done substantial gainful activity.
>
> [. . .]
>
> If there is a significant change in your work pattern or earnings during the period of work requiring evaluation, we will average your earnings over each separate period of work to determine if any of your work efforts were substantial gainful activity.

20 C.F.R. § 404.1574a. This language makes it clear that, when a claimant's work pattern is not continuous, the claimant's monthly earnings are determined for the period actually worked. Viewed in context, the reference in 20 C.F.R. § 404.1574(b)(3)(i) to "year(s) in which [a claimant] work[ed]" is intended to identify the relevant years of a claimant's employment, not to require calculations over entire calendar years.

In addressing similar contentions by Social Security claimants, numerous other courts have reached the same conclusion. See, e.g., Robinson

v. Astrue, No. 10-CV-8111, 2011 WL 4634235, at *10 (C.D. Cal. Oct. 6, 2011) (holding that Plaintiff's claim that "average monthly income is defined as annual income divided by twelve months, regardless of the number of months she actually worked" was inconsistent with the language of the regulations); Underwood v. Comm'r of Soc. Sec., No. 12-CV-391, 2013 WL 1748050 (M.D. Fla. Apr. 4, 2013) report and recommendation adopted, 2013 WL 1749798 (M.D. Fla. Apr. 23, 2013) ("Because [claimant's] work as a telemarketer was not continuous, averaging his earnings over the entire year does not accurately reflect whether his work was SGA."); see also Anderson v. Heckler, 726 F.2d 455, 457 (8th Cir. 1984) ("A proper reading of the regulation requires that the decision maker average the wages earned by the applicant over the time employed to determine whether during that time the applicant was capable of substantial gainful activity.").

Moreover, Plaintiff's interpretation would lead to absurd results because it would require the ALJ to consider when in the course of the calendar year a claimant began and ceased employment, for the purposes of determining whether that employment constituted past relevant work.[3] The purpose of the past relevant work assessment is to determine whether a claimant continues to have employment opportunities despite his disability, not to assess the claimant's calendar-year earnings. See Anderson, 726 F.2d at 457 ("The plaintiff's method of averaging her wages received during a calendar year over all the months in that year, whether plaintiff was employed during those

---

[3] For example, under Plaintiff's interpretation, a claimant who had worked a steady job from July of one year through June of the following year, at monthly income levels well in excess of those established by 20 C.F.R. §§ 404.1574, would avoid having that yearlong employment considered as past relevant work. The same period of employment, were it to cover January through December of a single year, would fall within the definition of past relevant work.

months or not, circumvents the purpose for determining whether an applicant engaged in substantial gainful activity.") Therefore, even if the Court agreed with Plaintiff that the plain meaning of the regulations requires consideration of Plaintiff's monthly earnings averaged over an entire calendar year, that plain meaning would not be controlling.  See Reno v. Nat'l Transp. Safety Bd., 45 F.3d 1375, 1379 (9th Cir. 1995) ("[T]he plain meaning of language in a regulation governs unless that meaning would lead to absurd results.") (emphasis added).

     Analyzing Plaintiff's earnings under the correct interpretation of 20 C.F.R. § 404.1574, the ALJ's decision was supported by substantial evidence. Plaintiff worked as a parking enforcer for twelve months, from March 2003 to February 2004, earning a total of $10,286.53 during that time. See AR 150, 585. Averaged over Plaintiff's twelve months working in this position, he earned approximately $857.21 per month, in excess of both the $800 minimum applicable to 2003 and the $810 minimum applicable to 2004. See 20 C.F.R. § 404.1574(b)(2)(ii); http://ssa.gov/oact/cola/sga.html. Moreover, he apparently experienced an increase in his wages over time, earning an average of $1,247.93 during the two months worked in 2004. See AR 150. Plaintiff concedes that the other elements of the test for past relevant work are satisfied and that he is capable of performing the work within the limits imposed by his RFC. See Plaintiff's Brief at 5-6. Because Plaintiff is capable of performing his past relevant work as a parking enforcer, the ALJ correctly determined that he is not disabled.

///
///
///
///
///

# V.
# CONCLUSION

The ALJ's denial of Plaintiff's application for Social Security benefits was supported by substantial evidence in the record and contained no legal error. Accordingly, the Court AFFIRMS the Commissioner's decision.

Dated:  January 27, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge